UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JESUS HUERTA *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**
**REGARDING BARNETT'S MOTION TO SUPPRESS HIS STATEMENTS, (DOC. 454)**

Asserting that the incriminating statements that he gave to Special Agent Davis and other agents of the National Forest Service were effectively coerced, the defendant Barnett has filed a motion to suppress those statements. (Doc. 454). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. An evidentiary hearing was held on November 9, 2009. The only witness at the hearing was Special Agent Davis.

On September 19, 2008, the National Forest Service commenced an investigation into a marijuana cultivation operation occurring in the Pisgah National Forest in North Carolina. On September 22, 2008, various National Forest Service officers and agents established surveillance of a previously discovered marijuana patch just off the Blue Ridge Parkway in McDowell County, North Carolina. At approximately 6:20 a.m. on September 23, a vehicle stopped on the Parkway and three men got out of that vehicle. They walked down a trail directly to the marijuana patch where they stayed for most of the day, harvesting marijuana plants. At approximately 5:45 p.m. that afternoon, Agent Davis received another call that the three men were walking out of the marijuana patch, carrying large garbage bags filled with marijuana. Shortly thereafter, a car pulled off the Blue

Ridge Parkway and parked near the trail. The car was driven by the defendant Barnett. The three other men loaded nine garbage bags full of marijuana into the car, and then got into the car themselves. The car drove away, again driven by Mr. Barnett.

The vehicle was stopped approximately ten minutes later. Special Agent Davis and Special Agent Young approached Mr. Barnett, pulled him out of the car and handcuffed him. Special Agent Young immediately pulled out the ubiquitous card with the *Miranda* warning printed thereon. He read the *Miranda* warnings to Mr. Barnett from that card.

Barnett told the two special agents that he understood his rights.

At that point, Special Agent Young told Barnett that, "It looks like you're running this operation, do you want to cooperate with us?" Mr. Barnett answered that he did, and went on to provide extensive information about his own involvement, and the involvement of others, including the person for whom Barnett worked, a man named "Chuy," who lived close to Barnett in Johnson City, Tennessee.

In determining the voluntariness of a confession, the court is to look to the "totality of the circumstances" to ascertain if the statement was the product of the person's free and unconstrained choice. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). The real inquiry is whether the defendant's independent will was overcome and supplanted due to coercive pressure by the police. *See, e.g., McCall v. Dutton*, 863 F.2d 454 (6th Cir. 1988).

There was no overt act or even the suggestion of physical coercion by the law enforcement officers in their questioning of Mr. Barnett. He argues, however, that Special Agents Davis and Young made "illusory promises" (or its corollary, unfounded threats of harsher treatment if he did not cooperate), which intimidated him into making the incriminating statements he did, citing

2

Case 2:08-cr-00102-JRG-MCLC Document 670 Filed 11/09/09 Page 2 of 3 PageID #: 2498

*Williams v. Withrow*, 944 F.2d 284, 289 (6th Cir. 1991). However, as an initial matter, it was not unreasonable for the law enforcement agents to suggest to Mr. Barnett that he was the "operator" of the marijuana-growing operation; after all, it was he who drove up and picked up the three harvesters. Secondly, there was absolutely no evidence that Mr. Barnett's free and independent will was overborne by the agents' statements to him and their query to him about his willingness to cooperate. In short, the agents advised Mr. Barnett of his constitutional rights, and thereafter offered him the chance to cooperate in an effort to help himself, and he accepted that officer. There was no coercion, actual or constructive.[1]

It is respectfully recommended that defendant Barnett's motion to suppress (Doc. 454) be denied.[2]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[1] As an aside, Mr. Barnett has considerable prior experience with the criminal justice system; he is no neophyte. He has a prior drug conviction and, only four months earlier, he was administered *Miranda* warnings by a Texas state trooper after that officer discovered that Mr. Barnett was transporting marijuana.

[2] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).