UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:08-CR-102 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JESUS HUERTA *ET AL.* | ) | |

**REPORT AND RECOMMENDATION**
**REGARDING BARNETT'S MOTION TO SUPPRESS EVIDENCE TAKEN**
**DURING A SEARCH, (DOC. 434)**

On July 29, 2008, the magistrate judge of this court issued a warrant authorizing the search of 760 Georgia Street in Johnson City, as well as any outbuildings, vehicles, etc., located on the foregoing premises, for evidence regarding drug trafficking. Defendant has filed a motion to suppress any evidence seized upon the execution of that warrant, claiming that the affidavit filed in support of the application for the warrant "fails to establish probable cause that any controlled substance, or any other item described in the search warrant issued, would then be present at the defendant's residence." (Doc. 434). This motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. An evidentiary hearing was held on November 9, 2009.

The defendant Barnett did not file his own brief, but rather adopted the brief of one of his co-defendants, Matt Odom. The thrust of Odom's motion to suppress (which involved another affidavit and a different search warrant) was that the affidavit did not establish the

requisite nexus between the activities described in the affidavit and the place to be searched. Presumably, that also is the thrust of Mr. Barnett's argument as far as his motion to suppress is concerned.

An affidavit filed in support of an application for a search warrant must set forth facts that establish probable cause to believe that evidence of criminal activity will be found at the place to be searched; this is the so-called nexus requirement: "[W]hether a sufficient nexus had been shown to a particular location turns in part on the type of crime being investigated, the nature of the things to be seized, the extent of an opportunity to conceal the evidence elsewhere, and the normal inferences that may be drawn as to likely hiding places."*United States v. Savoca*, 761 F.2d 292 (6th Cir.) *cert*. denied, 474 U.S. 852 (1985). The applicant for this search warrant was Agent Vince Walters, a Task Force Officer of the Drug Enforcement Administration. In paragraph 2(a) of his affidavit, he states that based upon his training and experience, he knows that it is common for drug traffickers to secrete [sic] proceeds of drug sales and records transactions in secure locations within their residences . Paragraphs 3-11 basically provide background information that also appears in an affidavit filed in support of another search warrant involved in this case. Of more importance to the search of 760 Georgia Street, paragraph 12 recites that on May 27, 2008, various law enforcement officers conducted a consensual search, and thereafter a search pursuant to a warrant, of 750 Georgia Street, which resulted in the discovery and seizure of over $82,000.00 in currency, digital scales, various materials and equipment relating to the packaging and distribution of marijuana, as well as marijuana packaging and firearms that

2

were buried in the ground. Paragraph 13 of the affidavit recites that the electric power service to 750 Georgia Street was in the name of defendant herein, Wiley Barnett.

Paragraph 14 relates a conversation Special Agent Templeton of the DEA had with the co-defendant Richard Wards after the search of 750 Georgia Street, during which Wards acknowledged that he had rented the premises at 750 Georgia Street, or at least a garage thereon, to Wiley Barnett, and that he was aware that Barnett subsequently sublet the house, on behalf of Wards, to a "Mexican male."

In Paragraph 16, Agent Walters recites that he participated in the execution of a federal search warrant at the home of Jonathan Shell in Johnson City, during which he discovered a black duffle bag upon which two silver stars were drawn, identical to the stars on the two bags unearthed during the search of 750 Georgia Street; this black duffle bag contained marijuana residue. Inside this black duffle bag was a Greyhound baggage claim ticket and a baggage identification card which listed the owner/traveler as Wiley Barnett of 760 Georgia Street.

Also in paragraph 16, Agent Walters recites that Jonathan Shell ultimately confessed to distributing 580 pounds of marijuana over the past two years, and that his sources of supply were Jesus Huerta and Wiley Barnett.

Suffice it to say, Agent Walters' affidavit supplies an abundance of probable cause to believe that Wiley Barnett trafficked in large quantities of marijuana. That being so, based upon Agent Walters' training and experience that drug dealers usually have about their

3

residence the proceeds from drug transactions and records regarding those transactions, there was probable cause to issue a warrant to search Barnett's home. Even if Agent Walters' experience and training somehow should be declared an insufficient basis to establish a nexus between Barnett's drug trafficking activities and his home, numerous opinions of the Sixth Circuit Court of Appeals fills that vacuum: "In the case of drug dealers, evidence is likely to be found where the dealers live," *United States v. Jones*, 159 F.3d 969, 975 (6th Cir. 1998), quoting *United States v. Lamon*, 930 F.2d 1183 (7th Cir. 1991). A case that originated in this court is directly on point: *United States v. Gunter*, 551 F.3d 472 (6th Cir. 2009). Gunter argued that the affidavit filed in support of the search warrant issued by this court failed to establish a nexus between his residence and the criminal activity otherwise described in the affidavit, arguing that "the affidavit does not contain any facts indicating that Gunter was dealing drugs from his residence, and that the affidavit only mentions his residence in one short paragraph . . . ." 551 F.3d at 481. The Court of Appeals held that it was reasonable to conclude from the affidavit that Mr. Gunter was engaged in drug trafficking, and it was therefore reasonable to infer "that evidence of the illegal activity would be found at [his] residence," citing *Jones*, *supra*, 551 F.3d at 481.

To repeat, since there was probable cause to believe that Mr. Barnett was heavily involved in drug trafficking, as a result of which there was probable cause to believe that evidence of that drug trafficking would be found at his residence.

It is respectfully recommended that defendant Hernandez's motion to suppress (Doc.

434) be denied.[1]

    Respectfully submitted,

                                              s/ Dennis H. Inman
                                              United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

5

Case 2:08-cr-00102-JRG-MCLC   Document 675   Filed 11/10/09   Page 5 of 5   PageID #: 2523